The opinion of the court was delivered fay
Rogers, J.
rlt is a general rule,' that the personal estate is to be applied in the first place, to the payment of debts, and that the testator cannot, against his creditors, exempt the personal estate, although against his heir at law, or the devisee of his real estate, lie may substitute the real in the room of the personal fund, and charge his debts upon'that fund which is not primarily liable. Walker v. Johnson, 2 Atk. 624: But to exempt his personal estate, and charge his real, there must be express words or a manifest intention. Rostan et al. v. Rostan, 2. Yeates, 63, 64, and the authorities there cited.
It it contended, and has been so ruled, that this intention is manifested in this will, and this forms the question on this writ-of error. It is obvious, from an examination of the will, that the testator had no.idea, that his real estate, would be wanted for the payment of his debts, • He seems to have .been undei- the irnpres-, siori, that the two thirds of his personal es.táte would have been abundantly sufficient for that purpose, and had he been aware of the actual state of his affairs, it is probable he would have made a different provision. We are, however, called, on to throw the debts on the devisee of the real estate, although the land is not expressly charged with the payment of debts, but on the contrary, is ordered to be sold.and divided among certain of his children and grandchildren, who are particularly named. 'These devisees are as much the objects of the testator’s bounty, as the widow. Their rights are as much to be favoured, and perhaps more so, as she might, if dissa^ tisfied with the provision for 'her, have elected to have taken her dower at common law. The will directs the funeral expenses and debts to be paid as soon as conveniently may be after his decease; The testator then gives the widow certain enumerated articles, such as a coW, side saddle, and chest, &c¡, and the use of a house, with it appurtenances, during widowhood,.and. proceeds, “ I likewise give and bequeath to my said wife Mary,: the one third.'part of'my personal estate,” all which legacies, he declares to be in lieu of dower. He directs his exeeutors, as soon as conveniently can be done, to hold a vendue and sell all that part of his personal estate not heretofore or hereafter bequeathed to his wife or. children, to the best advantage, causing the same to be appraised before the sale.. This,. *430 it is contended, is a specific devise of one- third of the personal estate to the wife. The court are of opinion it is not, for the following reasons. The funeral expenses and the debts, are put by the testator on the same footing. They are to be first paid, and it is improbable that he intended a legacy to be of one third of the personal estate, exclusive of the expenses of his burial. Secondly, Because, from the whole tenour of the will, the intestate looks to the personal estate, and that alone, for the payment.of his debts;. and because he made a different disposition of his real estate, manifestly showing that he had no idea of charging that fund with the payment of the debts, and this differs the case from Walker v. Jackson, 2 Atk. 624, which was mainly relied on by the defendant in error. In Walker v. Jackson, the testator expressly charged his real estate with the payment of his debts, which furnishes a key to the decision, and . reconciles it with the current of authorities. Besides, there were other circumstances relied on by the chancellor, which do not exist here, showing that he did not intend his personal estate.to be brought in aid of the real fund. To show the plain intention of the testator to exempt the personal estate, the chancellor relies on the circumstance, that after giving several specific legacies, he says, lastly, I appoint the above-mentioned Emma Marshal and Dorothy Beaupre, joint executrixes of this my last will. If the testator had rested' there, it was only making them executrixes, and the personal estate would then have been applicable to exonerate the real. But the testator some time after adds these words: “ And I give ánd devisé to them all my personal estate not hereinbefore devised,” and in a formal manner re-executes his will. And this the chancellor notices, was made part of the probate, and is relied on as a strong, and indeed insurmountable circumstance, to show the intention of the testator. Again, the doctrine contended for by the defendant in error, would make it'the duty of the executors to set apart 'one third of the personal estate in specie, and make vendue of the remainder, which it,would appear to-me, vyas never contemplated by the executor.
When'the testator orders his executors to sell all that part of his personal estate not heretofore or hereafter bequeathed to his wife and children, he has reference to the specific bequests. There, is no necessity of including the devise of the one'tnird of-the personal estate to the will: the words, of the will are all satisfied by referring them to those bequests which- are actually to be specified. .
Judgment of t.he court of Common Pleas reversed, and judgment fpr the plaintiff for forty-three dollars and thirty-eight cents.